Appeal from trial term.

Action by Frederick Banzhaf against Bernhard J. Ludwig and others. From a judgment entered on a verdict for plaintiff, and from an order denying a new trial, defendants appeal. Affirmed.

Argued before McCARTHY and CONLAN, JJ.

Wager & Acker, for appellants.

Julius Heiderman, for respondent.

---

### PODMORE v. SEAMAN'S SAV. BANK.

(City Court of New York, General Term. April 27, 1899.)

SECURITY FOR COSTS—NONRESIDENT PLAINTIFF—SUIT IN REPRESENTATIVE CAPACITY.

Under Code Civ. Proc. § 3268, subd. 1, authorizing the defendant to require plaintiff to give security for costs, if the latter be a nonresident of the county, and section 3271, authorizing the court to require plaintiff to give security for costs in its discretion, security for costs may be required.

of a nonresident of New York county in an action brought by him in the city court of New York as administrator, by appointment of the surrogate of New York county, of an estate situated in New York City.

Appeal from special term.

Action by John Podmore, as administrator, against the Seaman's Savings Bank. From an order directing plaintiff to file security for costs, he appeals. Affirmed.

Argued before CONLAN and McCARTHY, JJ.

Hymes, Woytisek & Schaap, for appellant.
Strong & Cadwalader, for respondent.

CONLAN, J. This is an appeal from an order of the special term requiring the plaintiff, as a nonresident, to file security for costs. The plaintiff sues as administrator, and because of the single circumstance that the corpus of the estate is situated in the city of New York, namely, a sum alleged to be on deposit with the defendant, and that letters of administration were issued to him by the surrogate of the county of New York, he claims that the rule requiring him to file security for costs, because personally he is a nonresident, does not apply. This will depend upon the construction to be put upon the section of the Code requiring security. We think section 3246 of the Code is not in question here, as by it costs are only awarded in favor of or against a person suing in a representative capacity. Under section 3271 the court may, in its discretion, require the plaintiff to give security for costs; and under section 3268 the defendant, in actions brought in a court of record, may require security for costs to be given as prescribed in this title, where the plaintiff was, when the action was commenced, if the action be brought in a county court, or in the city court of the city of New York, residing without the city or county. Code, § 3268, subd. 1. Now, it appears that the plaintiff is a resident of Flatbush, in the county of Kings, and is not, therefore, a resident of the county of New York. We are not called specifically to any authority that, because of his being an administrator by appointment of the surrogate of the county of New York, his residence is changed from Kings to New York county; nor does it follow because the estate to be administered is bodily within the latter county. It has been said in Hall v. Waterbury, 5 Abb. N. C. 356, and in McDougal v. Gray (Sup.) 4 N. Y. Supp. 74, that because of his being a nonresident, and suing in a representative capacity, his nonresidence is therefore not any reason for requiring security for costs; but in Tracy v. Dolan, 31 App. Div. 24, 52 N. Y. Supp. 351, upon a motion for additional security where the plaintiff's cause of action had been revived by his two executors, both of whom were nonresidents, such nonresidence was mentioned as an incident to be considered in reaching a conclusion, and the court held that the executors must give the additional security.

We are in accord with the opinion of the justices of the supreme court, and think the order appealed from should be affirmed.

McCARTHY, J., concurs.